BALLARD *vs.* BURNSIDE and others.

An instrument signed by four persons, by which they, six months after date, for value received, with use, jointly and severally promise to pay a person named, or bearer, the sums set opposite their names, for and in consideration of the right to make, use and vend a patent right in a specified district, is, in legal effect, a promissory note.

Each signer is jointly and severally liable for the whole amount subscribed, and the only effect of subdivision of amounts opposite each name is to determine their rights between themselves. It amounts to nothing as between the makers and the payee, or bearer.

Such an instrument is not to be construed as containing four separate contracts, requiring a five cent internal revenue stamp for each; but is sufficiently stamped, if a ten cent stamp be attached.

Even assuming that such an instrument contains four several agreements, it may be held good as to either of the signers, if offered in evidence on the trial, against him alone.

ACTION brought on the following instrument, against all the makers :

"Six months after date, for value received, with use, we jointly and severally promise to pay W. J. Van Slyck, or bearer, the sums set opposite our names, for and .in consideration of the right to make, use and vend Hicks' & Peck's Stump

Extractor, pat. Sept. 30th, 1862, for one undivided half of the town of Maryland, Otsego co. N. Y.

Maryland, Decr. 15, 1864.

|  | J. P. BURNSIDE, | $75 |
|---|---|---|
| [U. S. Rev. Stamp, | JEFFERSON MAYRE, | 37.50 |
| 10 cents.] · | LESTER H. BURNSIDE, | 37.50 |
|  | AMOS TUBBS, | 37.50 " |

The action was tried at the Otsego county circuit, in June, 1866, and the above instrument having been proved, and that the plaintiff was the owner thereof, the same was offered in evidence, but was rejected by the court, on the ground that said instrument constituted four separate contracts requiring a five cent internal revenue stamp for each, and was, therefore, insufficiently stamped. To this ruling, the plaintiff excepted. The court then nonsuited the plaintiff, who again excepted. A new trial was asked for, on a case and exceptions.

*N. C. Moak,* for the plaintiff.

*S. Crippen,* for the defendant.

*By the Court,* BOARDMAN, J. If the instrument sued upon is a promissory note, there can be no doubt it was sufficiently stamped, under the provisions of our revenue law.

But it is contended, by the defendant, that the paper offered in evidence contains four contracts in one instrument, and, therefore, requires stamps for four agreements. Such was the view, we may presume, of the presiding judge. Even if we concede that this instrument contains four several agreements, I see no reason why it should not be held good as to the first signer, John P. Burnside ; and it was offered in evidence, on the trial, against him alone, and rejected. Such seems to be the view of the English courts in similar cases. (*Rex.* v. *Recks,* 2 *Ld. Raym.* 1445. *Gilby* v. *Lockyer, Douglas,* 217, 218. *Doe* v. *Day,* 13 *East,* 241.) In these cases, the instrument was held to be good as to the first person who

signed, but bad as to others, for want of stamps. But the courts have gone much further, and say that one stamp is sufficient in the following cases : when a number of persons sverally bind themselves in a penalty by one bond, conditioned that each and every of them shall perform the same matter ; when a debtor compounds with his creditors, and each creditor signs the same deed, (*Bowen* v. *Ashley*, 4 *Bos. & Pul.* 274 ; 1 *New Rep.* 278 ;) when several mariners join in a bill of sale of their several shares of prize money ; (*Baker* v. *Jardine*, *Tr.* 1784, *B. R.*) when an agreement is made by several for a subscription to one common fund, though several as to each subscriber ; (*Davis* v. *Williams*, 13 *East*, 232 ;) when an annuity by three is sold, one being a mere surety ; (*Cook* v. *Jones*, 15 *East*, 237;) when several underwriters, on the same policy, all agree to refer the demand of the insured on such policy ; (*Goodson* v. *Forbes*, 6 *Taunt.* 171 ;) where an apprentice was bound for seven years, the first four with A. B., and the last three with his father, to learn different trades, (*Rex* v. *Louatle*, 8 *Barn. & Cress.* 249 ;) where members of a mutual insurance company, all executed the same power of attorney, authorizing the persons therein named to sign the club policies for them, (*Allen* v. *Morrison*, 8 *B. & C.* 565.) These cases would seem to leave no doubt that this instrument (if an agreement) required but one stamp of five cents. Any other construction would lead to the greatest danger, and might result in the wildest injustice. The subdivision of a single instrument, to see how many separate and distinct contracts could be carved out, would be a work of great labor, requiring the most judicious care.

Whether the instrument be a promissory note, or an agreement, I am satisfied the stamps thereon were sufficient, and that the judge erred in that respect.

But it is claimed that the omission to cancel such stamp by initials and date indorsed thereon, instead of a simple cross, invalidates the instrument. But, I think, a careful reading of sections 156, 158 and 163, of the act of congress appro-

Ballard *v.* Burnside.

ved June 30, 1864, under which this case is to be adjudged, will satisfy any one that the neglect to cancel will not invalidate the instrument. Such, at least, is the more prudent construction, and is approved of by 3 *Pars. on Cont.* 290. For the reasons which I have given, I think the nonsuit should be set aside, and a new trial granted, costs to abide the event.

But since some of the defenses interposed will depend entirely upon the question, whether this instrument is a negotiable promissory note, or an agreement, I feel it is due (though outside of the case presented) to pass upon that question.

*Story* (*on Prom. Notes*, § 1) defines a promissory note " to be a written engagement by one person to pay another person, therein named, absolutely and unconditionally, a certain sum of money at a time specified therein." Other authors require no more than Story, and generally they are less precise. This instrument contains all the requisites named, unless it be a certainty as to the sum of money. If it were a joint and several liability to pay $187.50, and in other respects the same as it now stands, except the sums opposite each name, no doubt could arise. It would be conceded to be a promissory note. But is not such its legal effect, as it stands ? Each one is jointly and severally liable for the whole amount, and the only effect of the subdivision of amounts opposite each name is to determine their rights between themselves. It amounts to nothing as between the makers and the payee, or bearer. I do not consider it any more open to objection than a note payable in installments. I cannot see that it lacks any element essential to a promissory note, nor does it possess an element hostile to such instruments.

New trial granted.

[Broome General Term, May 14, 1867. *Mason, Balcom* and *Boardman,* Justices.]